Chief Justice Robertson
delivered the Opinion of the Court,
This writ of error is prosecuted to reverse a judgment °f restitution, rendered in the circuit court of Madis01!; 0n a traverse of an inquisition, against the defendant in error, who was plaintiff in a warrant of forcible entry and detainer,
, -there was no personal service of the warrant on *93 Courtney R. Lewis, one of the plaintiffs in error. There is nothing in the record tending to shew that he appeared on the trial in the country, or ever entered his appearance in the circuit court. The only evidence of a service on him of the warrant, is a return, in substance, that a written notice had been left at a house called 41 the ferry house” — that “ being supposed the most common place for him to be found.” Such a return could not operate even as a good constructive notice. But tiie statute requires actual notice; the third section, 1 Dig. GOD, requires that, “notice shall be given to each defendant in person. ” •
Written notice left at the ‘ supposed most common • place for him (def’t) to he found,’ is not a good constructive service.
Upon a change of venue, there must he a reasonable time allowed for preparation after the remo val, before either party can be forced into trial — unless the clerk of the court to which tho cause is removed, received the papers at least ten days before tho first of the next term, neither party can, at that term, demand a trial.
As there does not appear to have been any waiver of notice, the judgment was unauthorized, and must be reversed.
Another point is incidentally presented, which, as it may be important in practice, we will avail ourselves of this occasion to settle; that is, whether, after a change' of venue, either party should have a right, without the consent of the other party, to a trial at the first term after the removal of the record, unless the papers shall have been deposited in tire clerk’s office of the court to which the venue shall have been changed, a sufficient length of time to afford a reasonable opportunity for preparation ; and if not, then what shall be deemed such reasonable time.
We are satisfied, that reasonable time for preparation, after the translation of the papers, should be allowed. The statute has not expressly prescribed any precise time for such purpose. But, considering the objects and provisions of the statutes respecting changes of venue in civil cases, and looking to the only striking analogy, we are of the opinion, that ten days should be deemed the period which may be presumed to have been contemplated by the legislature. Unless, therefore, the papers shall have been deposited in the clerk’s office of the court where the case is to be tried, at least ten days pri- or to the first day of the term next succeeding the removal of them, a trial at that term cannot be demanded as a matter of right.
*94 The papers were, in this case, deposited in the clerk’s office of the Madison circuit court ten days before the first term succeeding the order changing the venue.— But, for the error which has been noticed, the judgment is reversed, and the cause remanded.